UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ODETTE BLANCO DE FERNANDEZ
*née* BLANCO ROSELL, *et al.*,

    Plaintiffs,

v.

Case No. 1:21-cv-20443-DPG

CROWLEY HOLDINGS, INC., *et al.*,

    Defendants.

_____ /

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, through their undersigned counsel, submit this Notice of Supplemental Authority and, in support, state:

1. On August 27, 2021, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss (the "Opposition"). ECF No. 66.

2. On September 29, 2021, another court in this District entered an Order on Motion to Substitute Party, holding that Helms-Burton Act claims survive a party's death and substituting the personal representative of the plaintiff's estate for the plaintiff, who died during the pendency of the case. *See Soto v. Booking.com B.V.*, 1:20-cv-24044-MGC, ECF No. 48 (S.D. Fla.), attached hereto.

3. *Soto* is relevant to Argument III.B. of Plaintiffs' Opposition titled "The Estates' Personal Representatives are Proper Plaintiffs."

Dated:  September 30, 2021   Respectfully submitted,

|  |  |
|---|---|
| David A. Baron (admitted *pro hac vice*) | s/ David J. Horr |
| dbaron@bcr-dc.com | David J. Horr |
| Melvin White (admitted *pro hac vice*) | Florida Bar. No. 310761 |
| mwhite@bcr-dc.com | dhorr@admiral-law.com |
| Laina C. Lopez (admitted *pro hac vice*) | William R. Boeringer |
| lcl@bcr-dc.com | Florida Bar No. 347191 |
| Berliner Corcoran & Rowe LLP | wboeringer@admiral-law.com |
| 1101 17th Street, N.W., Suite 1100 | William B. Milliken |
| Washington, D.C. 20036-4798 | Florida Bar No. 143193 |
| Tel:  (202) 293-5555 | wmilliken@admiral-law.com |
| Facsimile:  (202) 293-9035 | Horr, Novak & Skipp, P.A. |
|  | Two Datran Center, Suite 1700 |
|  | 9130 S. Dadeland Boulevard |
| Richard W. Fields (admitted *pro hac vice*) | Miami, Florida 33156 |
| fields@fieldslawpllc.com | Telephone: (305) 670-2525 |
| Martin Cunniff (admitted *pro hac vice*) | Facsimile: (305) 670-2526 |
| MartinCunniff@fieldslawpllc.com |  |
| Edward Han | John S. Gaebe |
| edhan@fieldslawpllc.com | Florida Bar No. 304824 |
| Fields PLLC | Law Offices of John S. Gaebe P.A. |
| 1701 Pennsylvania Ave, N.W., Suite 200 | 5870 SW 96 St. |
| Washington, D.C. 20006 | Miami, Florida  33156 |
| Tel:  (833) 382-9816 | johngaebe@gaebelaw.com |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2021, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ David J. Horr
David J. Horr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24044-Civ-COOKE/O'SULLIVAN

OSVALDO SOTO,

    Plaintiff,

vs.

BOOKING.COM B.V.,
and BOOKING HOLDINGS INC.,

    Defendants.
_____/

## ORDER ON MOTION TO SUBSTITUTE PARTY

This matter is before the Court on Plaintiff's Motion to Substitute Party pursuant to Fed. R. Civ. P. 25(a)(1) (ECF No. 39). Defendants oppose the Motion. *See* ECF No. 40. For the reasons set forth below, the Motion is **GRANTED**. The proper party must be substituted **no later than October 1, 2021**. Defendants' Motion to Dismiss (ECF No. 21) is **DENIED** *as moot*

    **I.   RELEVANT BACKGROUND**

On October 2, 2020, Plaintiff Osvaldo Soto instituted this action against Defendants Booking.Com B.V. and Booking Holdings Inc. The Complaint asserts a single cause of action under the Cuban Liberty and Democratic Solidarity Act (the "Act"), codified in 22 U.S.C. § 6081 *et seq.*

According to the Complaint, Plaintiff's family owned and operated several businesses in Cuba. The families' business enterprises included the Copacabana Hotel (the "Copacabana"), which the family owned and operated until 1961, when it was expropriated by the Cuban government under Fidel Castro's leadership. Plaintiff's family left Cuba sometime after the seizure of the Copacabana and other properties. According to the Complaint, Defendants, in concert with the Cuban government, have engaged in exploiting and benefiting from unlawfully trafficking the Copacabana to would be customers; all without compensation to, or permission from, Plaintiff's family. On these alleged facts, Plaintiff Osvaldo Soto brought this action seeking recompense under the Act, which establishes a

1

private right of action for any United States national who owns the claim to confiscated property against any person that traffics in such property. On February 18, 2021, the Court was notified that Plaintiff Osvaldo Soto had passed away on January 9, 2021.

Eduardo Soto, as Personal Representative of Osvaldo Soto's estate, timely moved to be substituted in place of Osvaldo Soto pursuant to Fed. R. Civ. P. 25(a)(1). Contending that Osvaldo Soto's claim was extinguished upon his death, Defendants oppose the motion to substitute party.

## II. LEGAL STANDARDS

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). A Rule 25 motion "may be made by any party or by the decedent's successor or representative." *Id.* "Fed. R. Civ. P. 25(a)(1) does not resolve the question of what law of survival of actions should be applied in a case. It simply describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 603, n.3 (1978).

Courts have since explained that the nature of the cause of action for which the suit is brought determines whether a claim survives the death of a party. Where, as here, the relevant federal statute or its legislative history is silent about the drafters' intent with respect to survivability, the Court must turn to federal common law for guidance. *See United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993). Generally, claims that can be classified as remedial survive death, while those that are penal do not. In determining whether a statute is remedial or penal, federal courts consider three factors: (1) whether the purpose of the law was to redress individual wrongs or more general wrongs to the public; (2) whether recovery under the statute runs to the harmed individual or to the public; and (3) whether the recovery authorized by the statute is wholly disproportionate to the harm suffered. *See id.* The Court assesses each of these factors in turn.

## III. DISCUSSION

### A. THE PRIMARY PURPOSE OF THE PRIVATE RIGHT OF ACTION IS REMEDIAL.

On one hand, it is clear that the Act was intended to address what the United States government believed to be oppressive conduct on the part of the Cuban government. *See, e.g.*, 22 U.S.C. § 6022(2) ("The purposes of this Act are… to strengthen international sanctions

2

against the Castro government."). On the other hand, it is also apparent that Congress intended to make individual harms redressable through Title III of the Act. Finding that the international judicial system, as it existed at the time, lacked adequate remedial opportunities for individuals whose properties have been wrongfully confiscated, Congress created a private right of action for "any United States national who owns the claim to [confiscated property]" against "any person that . . . traffics in [such] property." 22 U.S.C. § 6081(8); § 6082(a). *See also* 22 U.S.C. § 6022(6) ("The purposes of this Act are…to protect United States nationals against confiscatory takings and the wrongful trafficking in property confiscated by the Castro regime."). While it is true that the right of action provided by the Act will inevitably serve as a deterrent, its primary purpose is to provide redress for individuals who would otherwise have no other avenue for redress. The Court thus finds that this factor weighs in favor of a remedial determination.

### B. RECOVERY RUNS TO THE INDIVIDUAL.

An award of damages under the Act goes to the claimant, not the public. Pursuant to the provisions of the Act, an individual or entity found to be in violation of the Act is liable "to any United States national who owns the claim to such property for money damages." 22 U.S.C. § 6082(a)(1). This factor also weighs in favor of a remedial determination.

### C. THE REMEDY IS NOT NECESSARILY DISPROPORTIONATE TO THE HARM.

Finally, the remedy authorized by the Act is not necessarily disproportionate to the harm it is intended to address. A successful plaintiff is entitled to the greater of: (i) the value of the claimant's certified Foreign Claims Settlement Commission claim; (ii) the value of the claim as determined by a special master; or (iii) the fair market value of the property. 22 U.S.C. § 6082(a)(1). Damages intended to make whole an individual whose property has been confiscated can hardly be said to be disproportionate to the harm suffered.

It is true, however, that the Act allows treble damages under certain circumstances—one of which Plaintiff alleges is applicable here. *See* 22 U.S.C. § 6082(a)(3); *Compl.* ¶45. Even if the provision of treble damages can be considered disproportionate to the harm suffered, that determination does not render the statute conclusively penal. For one thing, whether Plaintiff will be entitled to treble damages remains to be determined. Also, federal statutes that allow treble or disproportionate damages have been deemed remedial despite their seemingly disproportionate damages provisions. For example, "the availability of treble

3

damages under RICO does not prevent it from being classified as a remedial statute." *Malvino v. Delluniversita*, 840 F.3d 223, 230 (5th Cir. 2016) ("The Supreme Court has repeatedly acknowledged that the treble-damages provision contained in RICO itself is remedial in nature.") (internal quotations and citations omitted). *See also Hooters of Augusta, Inc. v. Am. Glob. Ins. Co.*, 272 F. Supp. 2d 1365, 1376 (S.D. Ga. 2003), *aff'd*, 157 F. App'x 201 (11th Cir. 2005) ("Even were the trebling portion of § 227 considered to be penal in nature, this one factor cannot transform § 227 into a penal statute. To find otherwise would be to treat this one fact as dispositive thereby nullifying all the other indications that the statute is remedial.").

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Substitute Party (ECF No. 39) is **GRANTED**. The proper plaintiff must be substituted **no later than October 1, 2021**. Defendants' Motion to Dismiss (ECF No. 21) is **DENIED** *as moot*.

**DONE and ORDERED** in chambers, Miami, Florida, this 29th day of September 2021.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*John J. O'Sullivan, Chief U.S. Magistrate Judge*
*Counsel of record*