UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:21-cv-20443-DPG

ODETTE BLANCO DE FERNANDEZ *née*
BLANCO ROSELL *et al.*,

                            *Plaintiffs*,

    v.

CROWLEY HOLDINGS, INC.; CROWLEY
MARITIME CORPORATION; CROWLEY
LINER SERVICES, INC.; CROWLEY LATIN
AMERICA SERVICES, LLC; and CROWLEY
LOGISTICS, INC.

                           *Defendants*.

## DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO STAY DISCOVERY

    Defendants Crowley Holdings, Inc., Crowley Maritime Corporation, Crowley Liner Services, Inc., Crowley Latin America Services, LLC, and Crowley Logistics, Inc. (collectively "Crowley" or "Defendants") hereby submit the foregoing Motion for a Stay of Discovery, and, in support, state as follows.

### INTRODUCTION

    Crowley seeks a stay of discovery until thirty days after the Court issues a decision on the pending Motion to Dismiss the Second Amended Complaint ("Motion to Dismiss") (ECF No. 59). The stay is warranted given the likelihood that the Court's decision on the Motion to Dismiss will either completely negate the need for any such discovery or, at a minimum, significantly reduce the Parties' discovery obligations. If the stay is not granted, Crowley will be forced to engage in

costly and burdensome discovery—an outcome that is not warranted, particularly in light of decisions in another Helms-Burton case with the identical plaintiffs and identical Concession that is at issue here. Likewise, if the stay is not granted, the Court will be burdened with discovery disputes concerning Plaintiffs with legally unsupportable claims. A stay is also advisable given three consolidated appeals that are currently pending before the Eleventh Circuit Court of Appeals. Resolution of these appeals will provide helpful and important guidance to the Court and the Parties—guidance that is otherwise largely lacking given that Title III of the Helms-Burton Act laid dormant for over twenty years, until May 2019.

To allow for this case to proceed in the most just and efficient fashion possible, the Court should allow a stay of discovery until thirty days following the Court's decision on the pending Motion to Dismiss.

## PROCEDURAL BACKGROUND

### A.  The Current Action

This Action is one of approximately forty cases filed under Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act, 22 U.S.C. § 6021, *et. seq.* (the "Act" or the "Helms-Burton Act"). This case is in its early stages, and there has been no meaningful discovery activity to date.[1] Plaintiffs filed their Second Amended Complaint on May 18, 2021. (ECF No. 50). In response, Crowley filed a Motion to Dismiss on July 20, 2021. (ECF No. 59). The Motion to Dismiss has been fully briefed since September 2021.[2] (ECF No. 69). After months of no

---

[1] In fact, while the Parties submitted and agreed to a proposed scheduling order in August 2021 (*see* ECF No. 63), the Court has not entered the scheduling order and no discovery deadlines are currently in force. Should the Court grant this Motion to Stay, Crowley will of course be open to adjusting case deadlines moving forward.

[2] After the completion of briefing, both sides submitted notices of supplemental authority based on rulings in other Helms-Burton cases. (*See* ECF Nos. 70, 71).

discovery activity while the Motion to Dismiss was pending, on January 10, 2022, Plaintiffs issued their First Request for Production to Defendants. The Request seeks vague and unspecified documents that Crowley is "required to keep, make available for examination and/or furnish on demand" to the Office of Foreign Assets Control of the U.S. Department of the Treasury ("OFAC"). *See* Exhibit 1 at 4.

### B. Other Helms-Burton Actions

#### 1. Southern District of Florida Action – *Seaboard Marine*

In addition to this Action, the same Plaintiffs have filed five other Helms-Burton lawsuits against other transportation companies.[3] While several of these cases are still at the beginning stages, one of the cases, against Seaboard Marine, has already moved through the Motion to Dismiss stage. *See de Fernandez v. Seaboard Marine, Ltd.*, No. 20-cv-25176, 2021 WL 3173213 (S.D. Fla. July 27, 2021). In ruling on the Motion to Dismiss in *Seaboard Marine*, Judge Bloom dismissed the seventeen Estate and Inheritance Plaintiffs because they failed to acquire their claims before the March 12, 1996 statutory deadline. *Id.* at *8-9. The court's decision left Odette Blanco de Fernandez as the only remaining plaintiff. *Id.* Thus, the scope and breadth of discovery was extensively limited by the court's ruling on the Motion to Dismiss.

#### 2. Eleventh Circuit Actions – the *Del Valle / Bengochea* Appeals

Currently, there are also three Helms-Burton Act case appeals pending before the Eleventh Circuit Court of Appeals: *Mario Del Valle, et al., v. Trivago GMBH, et al.*, No. 20-12407 (argued Oct. 4, 2021), *Javier Garcia-Bengochea v. Carnival Corporation*, No. 20-12960 (argued Oct. 4,

---

[3] *See de Fernandez, et al. v. MSC Mediterranean Shipping Co. SA*, 1:21-cv-23400 (S.D. Fla. filed Sept. 22, 2021); *de Fernandez, et al. v. CMA CGM*, 1:21-cv-22778 (S.D. Fla. filed July 30, 2021); *de Fernandez, et al. v. Seaboard Corp.*, 1:21-cv-01052-UNA (D. Del. filed July 21, 2021); *de Fernandez, et al. v. A.P. Moller-Maersk A/S, et al.*, 2:21-cv-00339 (E.D. La. filed Feb. 17, 2021); *de Fernandez v. Seaboard Marine Ltd.*, 1:20-cv-25176 (S.D. Fla. filed Dec. 20, 2020).

3

2021), and *Javier Garcia-Bengochea v. Royal Caribbean Cruises, LTD.*, No. 20-14251 (argued Oct. 4, 2021) (collectively the "*Del Valle / Bengochea* Appeals"). In those appeals, the Eleventh Circuit has recently invited the U.S. Government to file an amicus brief to address six specific questions concerning the Helms-Burton Act. *See Del Valle / Bengochea* Appeals, Order at 3-4, Dec. 20, 2021.

The *Del Valle / Bengochea* Appeals, and the questions to the U.S. Government in particular, present questions that are directly relevant to this Action and will have important implications on the breadth and scope of discovery here. In particular, the Eleventh Circuit has sought guidance into the meaning of "acquire" in 22 U.S.C. § 6082(a)(4)(B); whether inheritance is encompassed in the term "acquire"; and what the phrase "incident to lawful travel" in 22 U.S.C. § 6023(13)(B)(iii) means." *See Del Valle / Bengochea* Appeals, Order at 3-4, Dec. 20, 2021.

Recently, the Eleventh Circuit granted the U.S. Government's request for an extension of time until April 11, 2022 to file an amicus brief or to otherwise notify the court by March 11, 2022 if it elects not to file an amicus brief. *See Del Valle / Bengochea* Appeals, Order, Jan. 19, 2022.

## LEGAL STANDARD

"It is well accepted that '[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Barnes v. CS Mktg. LLC*, 430 F. Supp. 3d 1309, 1311 (S.D. Fla. 2020) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). In particular, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

"A stay of discovery is appropriate where the movant shows good cause and reasonableness." *Goldstein v. Costco Wholesale Corp.*, No. 21-cv-80601, 2021 WL 2827757, at

\*1 (S.D. Fla. July 7, 2021) (citation omitted). Courts examine factors "such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court." *Brent v. Source Interlink Distrib., LLC*, No. 2:14-cv-52, 2014 WL 4162770, at \*2 (M.D. Fla. Aug. 21, 2014). In the context of a motion to stay discovery pending resolution of a motion to dismiss, courts "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Goldstein*, 2021 WL 2827757, at \*1 (granting motion to stay discovery). "[I]t is appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, No. 15-cv-81490, 2016 WL 10706286, at \*1 (S.D. Fla. Jan. 27, 2016).

## ARGUMENT

### I.  A Stay of Discovery Is Warranted Given the Pending Motion to Dismiss

The Court should grant a stay of discovery in this case given that its decision on the pending Motion to Dismiss (ECF No. 59) is likely to eliminate, or at a minimum significantly narrow, the burden and scope of discovery.

In its Motion to Dismiss, Crowley raised a number of dispositive arguments that, if accepted, would result in full dismissal of this Action. Those arguments include: lack of standing, failure to state a claim (on several grounds), and constitutional challenges to the Act. (*See generally* ECF No. 59). Given these meritorious arguments, the Court should stay discovery until it has ruled on the Motion to Dismiss. *See Taylor v. Serv. Corp. Int'l*, No. 20-cv-60709, 2020 WL 6118779, at \*3 (S.D. Fla. Oct. 16, 2020) ("[W]hen faced with legitimate standing challenges like those present in [a] Motion to Dismiss, discovery should not commence until such challenges are resolved."); *Kleiman v. Wright*, No. 18-cv-80176, 2018 WL 8620096, at \*2 (S.D. Fla. Aug. 2, 2018) (granting motion to stay when motion to dismiss sought dismissal on several grounds,

5

including standing); *Torongo*, 2016 WL 10706286, at *1 (staying discovery pending a motion to dismiss for failure to state a claim and lack of standing).

At a minimum, an order on the Motion to Dismiss will in all likelihood result in a significant narrowing of the number of Plaintiffs in this case, and correspondingly the scope of discovery. There are currently eighteen named Plaintiffs, seventeen of which acquired their claims *after* the statutory deadline of March 12, 1996. (*See* ECF No. 59 at 23-26; ECF No. 69 at 5-9). The failure of these seventeen plaintiffs to acquire their claims prior to that date is fatal to their claims and will likely result in their dismissal. Indeed, the exact same seventeen plaintiffs were dismissed in the *Seaboard Marine* matter when Judge Bloom found that none of the seventeen Estate or Inheritance Plaintiffs had acquired their claims prior to the March 12, 1996 statutory deadline. *Seaboard Marine*, 2021 WL 3173213, at *8-9; *de Fernandez v. Seaboard Marine, Ltd.*, No. 20-cv-25176, 2021 WL 4902506, at *3-5 (S.D. Fla. Oct. 21, 2021) (denying Plaintiffs' motion for reconsideration of its prior ruling). Plaintiffs' arguments to keep those same seventeen Plaintiffs in this Action are nearly identical to the arguments that were rejected in *Seaboard Marine*. *Compare* ECF No. 66 at 14-25, *with Seaboard Marine* (ECF No. 57 at 2-14, ECF No. 68); *Seaboard Marine*, 2021 WL 4902506, at *2-5; *see also Seaboard Marine*, 2021 WL 3173213, at *8-9. Assuming this Court rules similarly to Judge Bloom, a ruling on the Motion to Dismiss would eliminate the need for discovery of and from seventeen current Plaintiffs. *See Padilla v. Porsche Cars N. Am., Inc.*, No. 18-cv-24988, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) (granting a stay of discovery and observing "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible").

Granting a stay of discovery until after a ruling on the Motion to Dismiss would also reduce the burdens of discovery on all parties and the Court. In particular, doing so would conserve resources that would otherwise be spent engaging in discovery and resolving discovery disputes involving legally unsupported claims that are likely to be dismissed. *See In re Mednax Servs. Inc., Customer Data Security Breach Litig.*, No. 21-MD-02994, 2020 WL 12432704, at *2 (S.D. Fla Dec. 9, 2020) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("[F]acial challenges should be resolved before discovery to conserve the resources of the Court, counsel, and all parties."). The likelihood of discovery disputes requiring judicial intervention is not just hypothetical. Indeed, in the *Seaboard Marine* case—even with the dismissal of seventeen plaintiffs—Magistrate Judge Atazo-Reyes has been called on to preside over two discovery hearings in the past six weeks alone. *See Seaboard Marine*, ECF Nos. 82, 103.

## II. A Stay Is Further Warranted Given the Helms-Burton Act Cases Currently Pending on Appeal in the Eleventh Circuit That Will Provide Guidance to the Court and Focus the Issues in Discovery

The Court should also grant a stay of discovery because there are three Helms-Burton Act cases currently pending before the Eleventh Circuit Court of Appeals, the resolution of which will likely provide important guidance to the Court on its Motion to Dismiss decision and to the Parties regarding the scope of discovery. *See Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (calling the "reason for the district court's stay . . . at least a good one, if not an excellent one," where the district court had stayed its case "to await a federal appellate decision that [wa]s likely to have a substantial or controlling effect on the claims and issues in the stayed case"). The *Del Valle / Bengochea* Appeals involve issues with clear import to this Action. *See supra* at 3-4. As explained above, in these appeals, the Eleventh Circuit has recently asked the U.S. Government to weigh in on six questions concerning the Act. *Id*. At

7

least three of those questions are central to the issues presented in the Motion to Dismiss and the resolution of this case. Those questions include:

1. Does the term "United States national" in 22 U.S.C. §§ 6082(a)(4)(B) and 6082(a)(4)(C) refer to the plaintiff bringing the action, or the original claimant to the confiscated property, or both?

2. What does the word "acquire[ ]" in 22 U.S.C. § 6082(a)(4)(B) mean? Is inheritance encompassed in the term "acquire[ ]?" And if "acquire[ ]" does include inheritance, at what point is a claim "acquire[d]" by an heir within the meaning of the statute?

3. What does the phrase "incident to lawful travel" in 22 U.S.C. § 6023(13)(B)(iii) mean? Who or what defines "lawful travel" (e.g. (OFAC)? What guidance should persons and entities look to in determining whether their activities are "incident to lawful travel?"

*Del Valle / Bengochea* Appeals, Order at 3-4, Dec. 20, 2021.

Questions 1 and 2 are directly relevant to issues raised in the Motion to Dismiss pending before this Court given Crowley's argument that the Estate and Inheritance Plaintiffs' claims should be dismissed because they did not "acquire ownership" of a claim before the statutory deadline and the Estate Plaintiffs, in particular, do not qualify as a "United States National" under the Act. (*See* ECF No. 59 at 22-25). Question 3, regarding the effect of the "lawful travel exception" and the definition of "lawful travel" is also directly relevant to this Action because Crowley has argued that "the lawful travel clause bars Plaintiffs' claims." (ECF No. 59 at 14). Thus, the Court and the Parties will gain helpful and important guidance from the U.S. Government's responses to these questions and the Eleventh Circuit's ultimate resolution of these key issues. The Court should stay discovery given the "substantial" and "controlling effect" the

8

Eleventh Circuit's decision will have on the present case. *Miccosukee Tribe of Indians of Fla.*, 559 F.3d at 1198.

### III. The Requested Stay is Reasonable and Supported by Good Cause

The requested stay in this case is both reasonable and supported by good cause. As explained throughout this motion, the Motion to Dismiss, which will likely be informed by the Eleventh Circuit's *Del Valle / Bengochea* Appeals decisions, raises serious doubts as to the legal sufficiency of the Plaintiffs' claims. To the extent Plaintiffs' claims survive at all, at a minimum, the Court's decision will likely significantly narrow the issues and parties for discovery. The proposed stay is also eminently reasonable as it requests that discovery be resumed just thirty days after the Court decides the Motion to Dismiss.

Courts in other Helms-Burton Act cases—including one case involving these Plaintiffs—have found good cause for a stay when an appeal was pending that would be controlling and/or particularly relevant to the stayed case. *See De Fernandez, et al. v. A.P. Moller-Maersk A/S, et al.*, No. 2:21-cv-00339, ECF No. 28-29 (E.D. La. Aug. 18, 2021) (granting motion to statistically close case until a final decision by the Fifth Circuit in an appeal that would control the parties' dispute concerning personal jurisdiction); *Garcia-Bengochea v. Norwegian Cruise Line Holding Ltd.*, No. 19-CV-23593, ECF No. 66 (S.D. Fla. Sept. 1, 2020) (granting stay due to the pending appeal before the Eleventh Circuit of an order granting the defendant's Motion for Judgment on the Pleadings in *Garcia-Bengochea v. Carnival Corp.*, No. 19-cv-21725 (S.D. Fla. July 9, 2020)).

Any purported delay that may result in the requested stay is necessary to ensure the Court's and the Parties' resources are not unnecessarily wasted on legally unsupportable claims or issues, particularly when the Eleventh Circuit is preparing to resolve and provide guidance on such issues.

These concerns are magnified given the breadth and vagueness of the Plaintiffs' First Request for Production.[4]  That request seeks:

> All documents You are required to keep, make available for examination and/or furnish on demand to OFAC, report to OFAC, or otherwise preserve under 31 C.F.R. § 515.601, and 31 C.F.R. §§ 501.601 and 31 C.F.R. 501.602 related to any act or transactions subject to the provisions of the Cuban Assets Control Regulations, 31 C.F.R. Part 515.

Exhibit 1 at 4.  The regulations cited in this request do not limit or specify the types of documents to be collected. Section 501.602 simply provides that OFAC may request reports "on demand" containing "complete information relative to any act or transaction."  Similarly, Section 501.601 provides little guidance as to the types of records Crowley should collect and produce: "every person engaging in any transaction subject to the provisions of this chapter shall keep a full and accurate record of each such transaction engaged in."  Thus, it is largely unclear what Plaintiffs even seek by this Request.

Moreover, Plaintiffs will not be unduly prejudiced by a brief stay of discovery here.  To date, other than Initial Disclosures, the Parties have not exchanged any discovery responses.  Nor has Crowley served any discovery requests on Plaintiffs.  Plaintiffs only recently issued their First Request for Production to Crowley on January 10, 2022.  And, this First Request for Production included only a single request.  Prejudice from a brief delay is also unlikely given that Title III has not been in effect for the approximately twenty-three years since Congress originally passed it.

## **CONCLUSION**

For the foregoing reasons, the Court should enter an Order granting this Motion and staying discovery until thirty days after the Court reaches a final decision on Defendants' Motion to Dismiss the Second Amended Complaint.

---

[4] Crowley does not waive any arguments or objections regarding its discovery obligations.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Defendants certify that they have conferred with opposing counsel on February 7, 2022, and Plaintiffs oppose the relief sought herein.

DATED: February 8, 2022                    Respectfully submitted,

/s/ *James Douglas Baldridge*
James Douglas Baldridge (Florida Bar No. 708070)
Katherine Wright Morrone (admitted *pro hac vice*)
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4703 (phone)
(202) 344-8300 (fax)
JDBaldridge@Venable.com
KWMorrone@Venable.com

*Counsel for the Crowley Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February 2022, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

/s/ *James Douglas Baldridge*
James Douglas Baldridge