UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20443-GAYLES

ODETTE BLANCO DE FERNANDEZ
*née* BLANCO ROSELL, *et al.*,

    Plaintiffs,

v.

CROWLEY MARITIME CORPORATION *et al.*,

    Defendants.
_____/

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A STAY OF DISCOVERY

Plaintiffs hereby submit their Opposition to Defendants' Motion for a Stay of Discovery ("Motion to Stay"), and, in support, state as follows.

### INTRODUCTION

Defendants[1] (collectively, "Crowley") provide diversified marine transportation services, including, since 2001, container cargo vessel service and shipping service between the United States and Cuba. After the renovated Port of Mariel opened in 2014, Crowley began trafficking in Plaintiffs' Confiscated Property by having its vessels call at the Container Terminal and directing its shipping services to the Container Terminal, part of the Port of Mariel within the Bay of Mariel. Thus, Crowley engaged in commercially beneficial activities and transactions with the Container Terminal, the Port of Mariel, and the ZEDM without Plaintiffs' authorization in direct

---

[1] Defendants are a group of privately held companies, including Crowley Holdings, Inc. ("Crowley Holdings"); Crowley Maritime Corporation ("Crowley Maritime"); Crowley Liner Services Inc. ("Crowley Liner"); Crowley Latin America Services, LLC ("Crowley Latin"); and Crowley Logistics, Inc. ("Crowley Logistics").

contravention of Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, codified at 22 U.S.C. § 6021, *et seq.* (the "Helms-Burton Act" or "HBA").

Crowley now seeks an open-ended stay of discovery extending thirty days after the Court rules on its pending Motion to Dismiss the Second Amended Complaint ("Motion to Dismiss") (ECF No. 59). Crowley filed its motion after Plaintiffs served Crowley with Plaintiffs' First Request for Production (RFP) of Documents, containing **one request for production** seeking:

> All documents You are required to keep, make available for examination and/or furnish on demand to OFAC, report to OFAC, or otherwise preserve under 31 C.F.R. § 515.601, and 31 C.F.R. §§ 501.601 and 31 C.F.R. 501.602 related to any act or transactions subject to the provisions of the Cuban Assets Control Regulations, 31 C.F.R. Part 515.

Crowley's Ex. 1, at 4.

Motions for a stay of discovery are disfavored and Crowley bears the burden of showing a clear case of hardship or inequity in being required to go forward. The analysis proceeds in two steps, neither of which Crowley can meet. First, the Court should take a "preliminary peek" at the motion to see if it appears to be "clearly meritorious and truly case dispositive" enough to ***entirely*** eliminate the need for discovery. *Sunshine Children's Learning Ctr., LLC v. Waste Connections of Fla.*, 2022 U.S. Dist. LEXIS 2971, at *4, 2022 WL 59677 (S.D. Fla. Jan. 6, 2022). Second, in considering whether "good cause and reasonableness" justify a stay, the Court must weigh several factors including the prejudice to the movant, the harm to the party resisting the stay, and where the public interest lies. *FTC v. On Point Global LLC*, 2020 U.S. Dist. LEXIS 180255, at *9, 2020 WL 5819809 (S.D. Fla. Sept. 30, 2020) (internal citation omitted).

Because Crowley's Motion to Dismiss has very little chance of disposing of this case entirely and because it has failed to identify any real prejudice it may suffer as a result of discovery moving forward, its Motion for Stay of Discovery should be denied.

2

## LEGAL STANDARD

It is well-settled that "'[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district.'" *Sunshine Children's Learning Ctr.*, 2022 U.S. Dist. LEXIS 2971, at *4 (quoting *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013)). "'[A] motion to stay discovery . . . is rarely appropriate unless the resolution of the motion will dispose of the entire case.'" *Id.* at *2–*3 (quoting *Bocciolone v. Solowsky*, 2008 U.S. Dist. LEXIS 59170, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008)). "'While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive.'" *Id.* at *2 (quoting *Feldman v. Flood*, 176 F.D.R. 651, 652–53 (M.D. Fla. 1997)).

Although a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket[,]" *Clinton v. Jones*, 520 U.S. 681, 706 (1997), motions to stay discovery "'are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Sunshine Children's Learning Ctr., LLC v. Waste Connections of Fla.*, 2022 U.S. Dist. LEXIS 2971, at *2, 2022 WL 59677 (S.D. Fla. Jan. 6, 2022) (quoting *Feldman*, 176 F.R.D. at 652). "'[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made.'" *Or Zaid v. Diamonds Int'l of Fla., Inc.*, 2021 U.S. Dist. LEXIS 200662, at *3, 2021 WL 4865275 (S.D. Fla. Oct. 19, 2021) (quoting *Montoya v. PNC Bank, N.A.*, 2014 U.S. Dist. LEXIS 84279, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014)).

Crowley bears "'the burden of showing good cause and reasonableness.'" *Id.* (quoting *Feldman*, 176 F.R.D. at 652). "Thus, [it] must demonstrate a 'clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [they] pray[ ] will work damage to someone else.'" *Sharfman v. Premier Med., Inc.*, 2021 U.S. Dist. LEXIS 247446, at *3 (M.D. Fla. Dec. 29, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). In considering the sufficiency of Crowley's attempted showing of good cause and reasonableness, "the Court must weigh several factors, including: (1) the harm that will be suffered by the applicant if the stay is not granted; (2) the harm that will be suffered by the party resisting the stay if the stay is granted; and (3) where the public interest lies." *FTC v. On Point Global LLC*, 2020 U.S. Dist. LEXIS 180255, at *9, 2020 WL 5819809 (S.D. Fla. Sept. 30, 2020) (citing *Keim v. ADF Midatlantic, LLC*, 2015 U.S. Dist. LEXIS 196701, 2015 WL 13858830, at *1 (S.D. Fla. Dec. 17, 2015)). "The test is not mechanical, but rather must adapt to these varying conditions and the circumstances before the reviewing court." *Id.*

## ARGUMENT

### I.  CROWLEY'S MOTION TO DISMISS IS NEITHER CLEARLY MERITORIOUS NOR CASE DISPOSITIVE

Crowley, like all movants, appears confident that its Motion to Dismiss will be successful in whole, or in part, and the discovery it does not want to be bothered with will magically disappear. Neither assumption could be further from the truth.

### A.  A "Preliminary Peek" Shows the Motion to Dismiss is Not Clearly Meritorious

Courts in this District have stated that it is appropriate to take a "preliminary peek" at a defendant's motion to see if it is "clearly meritorious and truly case dispositive" in ruling on whether a stay of discovery is justified. *See, e.g.*, *Bocciolone*, 2008 U.S. Dist. LEXIS 59170, at *6 (internal citation and marks omitted). Crowley's Motion to Dismiss meets neither requirement.

Most of Crowley's arguments are recycled from other Helms-Burton Act cases and have been summarily rejected by different courts. For example, every court to consider Crowley's argument that Helms-Burton Act plaintiffs lack standing under Article III of the United States Constitution has ruled that standing was present under the HBA for plaintiffs seeking to enforce their rights based on trafficking in the confiscated property.[2] In fact, in just the few months since Crowley filed its Motion to Dismiss on the basis of standing, this Court along with the Fifth Circuit Court of Appeals and the Southern District of New York joined the chorus of courts rejecting the identical argument. *See Glen v. Am. Airlines, Inc.*, 2021 WL 3285307 (5th Cir. Aug. 2, 2021); *Pujol Moreira v. SOCIÉTÉ GÉNÉRALE, S.A.*, 2021 WL 5524484, at *5 (S.D.N.Y. Nov. 24, 2021); *North American Sugar Industries v. Xinjiang Goldwind Science & Technology Co., Ltd, et al.*, 2021 WL 3741647, at *5 (S.D. Fla. Aug. 24, 2021). Given the overwhelming weight of authority on this issue now, Crowley's argument on Article III standing is neither "clearly meritorious" nor "truly case dispositive" warranting a stay of discovery.

Likewise, the linchpin of Crowley's failure to state a claim argument has already been rejected by another court within this District. In *Seaboard*, the Honorable Judge Bloom explained:

> [T]he Amended Complaint sufficiently sets forth that ***in constructing the Port of Mariel and its container terminal in ZEDM, the Cuban Government exploited the same rights granted to the Blanco Rosell Siblings in the 70-Year Concession***. See ECF No. [45] ¶ 68 (granting, among other things, the right to "plan, develop, study, execute, maintain and exploit public docks and warehouses in the Bay of Mariel[.]"); *id*.¶¶ 85-86, 88; see also *Iglesias v. Richard*, No. 20-cv-20157, 2020 U.S. Dist. LEXIS 164117, at *26 (S.D. Fla. Aug. 17, 2020) (rejecting defendant's

---

[2] *Glen v. Am. Airlines, Inc.*, 2021 WL 3285307 (5th Cir. Aug. 2, 2021); *Exxon Mobil Corp. v. Corporacion CIMEX S.A.*, No. 19-cv-01277 (APM), 2021 WL 1558340, at *21 (D.D.C. Apr. 20, 2021); *Glen v. TripAdvisor LLC*, No. 19-1809-LPS, 2021 WL 1200577, at *5 (D. Del. Mar. 30, 2021); *Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, 484 F. Supp. 3d 1215, 1227-31 (S.D. Fla. 2020); *Havana Docks Corp. v. MSC Cruises SA Co.*, 484 F. Supp. 3d 1177, 1193 (S.D. Fla. 2020); *Havana Docks Corp. v. Carnival Corp.*, No. 19-cv-21724, 2020 WL 5517590, at *11 (S.D. Fla. Sept. 14, 2020); *Iglesias v. Pernod Ricard*, No. 20-cv-20157-KMW, 2020 U.S. Dist. LEXIS 164117 (S.D. Fla. Aug. 17, 2020).

> argument that "the commercial activity occurred with a different product and brand name nearly thirty years after the alleged illegal taking" was sufficient to defeat plaintiff's allegations of a trafficking).

2021 WL 3173213, at *6 (emphasis added). Although Crowley makes other arguments about the sufficiency of the pleadings, those arguments all involve factual disputes better addressed at trial and have little chance of success on a motion to dismiss standard.

Courts are understandably leery about granting stays of discovery based on a pending Rule 12(b)(6) challenge. As the Honorable Judge Moreno in this District recently stated,

> Unlike the discrete issues raised in these cases, the Defendant seeks dismissal on personal jurisdiction and standing grounds, and for failing to state a claim under Rule 12(b)(6). The fact that deciding any one of these issues could potentially resolve the entire case is not by itself enough to trigger a stay of discovery—if it were, discovery would be stayed every time a defendant raised a justiciability or a Rule 12(b)(6) challenge.

*Trinidad v. Expedia, Inc.*, 2020 U.S. Dist. LEXIS 5486, *2–*3 (S.D. Fla. Jan. 13, 2020).

Further, "[e]ven if the Court were to grant the Motion to Dismiss pursuant to Rule 12(b)(6), Plaintiff[s] may be granted leave to amend" such that a "a resolution of the Motion to Dismiss in [Crowley's] favor is still unlikely to be case dispositive." *Sunshine Children's Learning Ctr.*, 2022 U.S. Dist. LEXIS 2971, at *7 (internal citations omitted); *see also Datto v. Fla. Int'l Univ. Bd. of Trs.*, 2020 U.S. Dist. LEXIS 115007, at *6, 2020 WL 3576195 (S.D. Fla. July 1, 2020) ("Here, the Court cannot conclude at this juncture that Defendant's motion to dismiss will be granted and, even if so, whether such dismissal would be of the Complaint in its entirety and with prejudice.").

Crowley also erroneously claims its "constitutional challenges to the Act" justify a stay. *See* Motion to Stay, at 5. In its Motion to Dismiss, Crowley contends that the liability and damages provisions of HBA Title III are facially unconstitutional. But Crowley faces a heavy burden to show that Title III is facially unconstitutional. "[A] facial challenge will succeed only if the statute could never be applied in a constitutional manner." *Harris v. Mexican Specialty Foods, Inc.*, 564

F.3d 1301, 1308 (11th Cir. 2009) (internal citations and quotations omitted); *see also id.* at 1313 ("Th[e] mere possibility of a constitutional application is enough to defeat a facial challenge to the statute."). Therefore, Crowley must demonstrate that Title III ***always yields*** unconstitutional results to prevail. *DA Mortg., Inc. v. Cty. of Miami Beach*, 486 F.3d 1254, 1262 (11th Cir. 2007) (internal citations and quotations omitted) ("[W]hen a plaintiff mounts a facial challenge to a statute or regulation, the plaintiff bears the burden of proving that the law could never be applied in a constitutional manner."). Because Crowley never attempts to meet this burden in its Motion to Dismiss, it is extremely unlikely its argument will prevail.

In its Motion to Dismiss, Crowley further argues the "Estate Plaintiffs" are not proper plaintiffs because (1) the estates "acquired" claims to the Confiscated Property after March 12, 1996, and (2) the estates are not U.S. nationals. *See* Motion to Dismiss, at 25. Neither argument is right because Crowley misreads the Complaint and misunderstands estates law. Moreover, even if the estate Plaintiffs are dismissed, the case will not be disposed of completely because Plaintiff Odette Blanco de Fernandez—an original claimholder who is currently 92 years old—is alive, and Crowley admitted in its Motion to Dismiss that she is a "proper Plaintiff." *See* Motion to Dismiss, at 22–23.

No matter whether the Plaintiffs that survive the Motion to Dismiss are all eighteen Plaintiffs or only Plaintiff Odette Blanco de Fernandez, discovery will not be significantly different for either Plaintiffs or Crowley. Under the HBA, the focus of discovery must necessarily be on the defendant: whether it trafficked in confiscated property; whether it did so knowingly; and what are the damages for its trafficking. The discovery on these issues will be exactly the same whether there is one Plaintiff or eighteen. The only issues directly relevant to HBA plaintiffs are ownership interests, but here the ownership interests of the Blanco Rosell siblings, one of whom is living and

7

four of whom are deceased, are supported by the same documentary evidence. Again, whether there is one living Plaintiff or the Plaintiffs include the estates and/or heirs of the four deceased siblings does not change the scope or the documentation involved in discovery.

Crowley's Motion to Dismiss, therefore, is not so meritorious and case dispositive that it warrants a stay of discovery until this Court rules on it. *See Or Zaid*, 2021 U.S. Dist. LEXIS 200662, at *5–*6 (internal citations omitted) ("Having taken a 'preliminary peek' at the Motion to Dismiss and related filings, this case does not present the type of an 'especially dubious' claim faced by the *Chudasama* Court where disposing of the case by motion to dismiss would avoid 'needless and extensive discovery.'"); *Ray v. Sprit Airlines, Inc.*, 2012 U.S. Dist. LEXIS 160948, at *6, 2012 WL 5471793 (S.D. Fla. Nov. 9, 2012) (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal"); *S.K.Y. Mgmt. LLC v. Greenshoe, LTD*, 2007 U.S. Dist. LEXIS 5109, at *6–*7, 2007 WL 201258 (S.D. Fla. Jan. 24, 2007) (rejecting stay where defendant raised colorable legal defenses but plaintiff presented strong rebuttal arguments that could result in its claims surviving a motion to dismiss). Further, the cases Crowley relies upon that do grant a stay are inapposite. They involve situations of clearly meritorious motions to dismiss that would resolve the underlying litigation once and for all.[3]

---

[3] *See Taylor v. Serv. Corp. Int'l*, 2020 U.S. Dist. LEXIS 192595, at *6–*11 (S.D. Fla. Oct. 16, 2020) (granting stay based on meritorious and case dispositive Motion to Dismiss for lack of standing and failure to state a claim); *Kleiman v. Wright*, No. 18-cv-80176-BB, at 3 (S.D. Fla. Aug. 2, 2018), ECF No. 57 (granting a stay based on meritorious and case dispositive Motion to Dismiss for lack of standing and jurisdiction, statute of limitations, and *forum non conveniens*); *Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, 2016 U.S. Dist. LEXIS 194241, at *2 (S.D. Fla. Jan. 27, 2016*)* (granting a stay based on meritorious and case dispositive Motion to Dismiss that "raise[d] substantial questions as to the legal sufficiency of the [c]omplaint"); *In re Mednax Servs. Inc., Customer Data Security Breach Litig.*, 2020 WL 12432704, at *2 (S.D. Fla Dec. 9, 2020); *Padilla v. Porsche Cars N. Am., Inc.*, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019).

In sum, a "preliminary peek" at Crowley's Motion to Dismiss shows that most of its arguments either lack legal support or have been repeatedly rejected by other courts and, in any event, its Motion to Dismiss cannot be said to entirely eliminate the need for discovery.

## II. THE BALANCING OF HARMS TILTS AGAINST IMPOSITION OF A STAY

The crux of the analysis the Court must undergo to decide this motion was explained in a recent opinion from another court in this District describing the balancing of harms that must take place:

> The real question is whether the stay of discovery is supported by "good cause and reasonableness." *Varga*, 2010 U.S. Dist. LEXIS 1 44440, 2010 WL 8510622, at *1 (quoting *Bocciolone v. Solowsky*, Case No. 0820200, 2008 U.S. Dist. LEXIS 59170, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008)). To determine whether the moving party has met its burden, the Court "must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and *entirely* eliminate the need for such discovery." *Bocciolone*, 2008 U.S. Dist. LEXIS 59170, 2008 WL 2906719, at *2 (emphasis in original) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).

*Trinidad v. Expedia, Inc.*, 2020 U.S. Dist. LEXIS 5486, at *2–*3 (S.D. Fla. Jan. 13, 2020).

Crowley, therefore, must prove a stay would be reasonable after balancing the harm produced by a delay in discovery against the possibility that the motion will *entirely* eliminate this case altogether without leave to amend—a burden it has failed to meet given the potential prejudice to Plaintiffs and the lack of prejudice that Crowley will face if it must participate in discovery. The public interest, moreover, weighs heavily against a stay.

### A. Crowley Will Suffer No Cognizable Harm from Proceeding with Discovery

Crowley offers a hodgepodge of purported "burdens," but none show that discovery would be unduly prejudicial or burdensome to Crowley while the Motion to Dismiss is pending. First, Crowley makes the incorrect assertion that the Court should consider that Crowley will be "forced to engage in costly and burdensome discovery . . . ." Motion to Stay, at 1–2. "However, being required to defend a lawsuit does not constitute a hardship or inequity sufficient to justify a stay of a proceeding." *Sharfman v. Premier Med., Inc.*, 2021 U.S. Dist. LEXIS 247446, at *5–*6 (M.D.

9

Fla. Dec. 29, 2021) (internal citations omitted) (rejecting the defendant's argument "that it will be prejudiced" because it would be "forced to spend substantial fees and costs conducting and responding to further discovery and engaging in extensive motion practice").

Even if the cost of engaging in discovery were a sufficient legal consideration for a stay, Crowley Maritime is a privately held company with an estimated $2.5 billion in annual revenue and ranks as number 190 on Forbes's list of America's private companies.[4] Moreover, the shipping industry is experiencing "record-breaking profits on the backs of skyrocketing prices driven by unprecedented port congestion."[5] Publicly-owned shipping companies, which must disclose their profits, have reported profits quadrupling or more from 2020 to 2021.[6] Crowley is privately owned but is undoubtedly experiencing the same dramatic increase in profits.

Against this backdrop, Crowley raises the legally insufficient argument that a stay is warranted because it will have to participate in discovery like every other litigant. Other than the general inconvenience of normal discovery, the only specific prejudice identified by Crowley is the wording of Plaintiffs' First Request for Production of Documents—which only contains a single document request. *See* Motion to Stay, at 10.

In this regard, Crowley oddly points to the wording of Plaintiffs' first RFP, citing its "breadth and vagueness" as grounds for a stay, *see* Motion to Stay, at 10, but a motion to stay is not the correct means for disputing the propriety of individual discovery requests. *See Renuen Corp. v. Lameira*, 2015 U.S. Dist. 31164, at *5 (M.D. Fla. Mar. 13, 2015) (noting objectionable

---

[4] *Crowley Maritime*, FORBES, https://www.forbes.com/companies/crowley-maritime/?sh=72222a6348aa.

[5] Karl Evers-Hillstrom, *Shipping Giants Under Fire for Record Profits, Fees as Pandemic Continues*, THE HILL (Feb. 2, 2022, 6:00 AM), https://thehill.com/business-a-lobbying/592397-shipping-giants-under-fire-for-record-profits-fees-as-pandemic-continues.

[6] *Id.*

10

discovery requests "may be grounds for a motion for protective order, but not a stay"). Put simply, federal courts routinely deal with objections to the breadth of discovery requests without imposing a blanket stay. *Ray v. Sprit Airlines, Inc.*, 2012 U.S. Dist. LEXIS 160948, at *11–*12, 2012 WL 5471793 (S.D. Fla. Nov. 9, 2012); *see also S.K.Y. Mgmt. LLC v. Greenshoe, LTD*, 2007 U.S. Dist. LEXIS 5109, at *8–*9, 2007 WL 201258 (S.D. Fla. Jan. 24, 2007) ("The denial of the pending motion does not mean, of course, that the Defendant cannot argue for reasonable limitations on the scope of discovery, at least the beginning stages of the case. . . . Similarly, if the scope of the discovery requested far exceeds what would be reasonable . . . the Court may provide . . . relief.").

In any event, Crowley recently responded to this RFP and agreed to begin producing documents once the parties agreed upon the wording of a protective order.[7] This is no surprise since, pursuant to applicable federal regulations, Crowley is obligated to maintain and provide the documents and information requested by this document request "from time to time and at any time." *See* 31 C.F.R. §§ 501.601–501.602 and 515.601.

The two cases relied on by Crowley that focus on the burden of discovery as a reason for granting a stay did so in far different contexts than those present here. *See Taylor*, 2020 U.S. Dist. LEXIS 192595, at *8, *10–*11 (noting that a stay due to a pending motion to dismiss "is particularly appropriate in large putative class action cases such as this [case]" and holding that the defendants' burden was sufficient where the plaintiff sought discovery as to tens of thousands of customers in a putative class from defendants and their affiliates over a four-year period); *Kleiman v. Wright*, No. 18-cv-80176-BB, at 3 (S.D. Fla. Aug. 2, 2018), ECF No. 57 (granting stay due to a non-entity defendant's high burden of engaging in foreign discovery, "much of which

---

[7] On February 21, 2022, Plaintiffs' counsel sent counsel for the Crowley Defendants a draft Stipulated Confidentiality and Protective Order.

11

[would] involve locating evidence and witnesses in London and Australia").

In contrast to the holdings in *Taylor* and *Kleiman*, Crowley offers nothing additional that would raise concerns sufficient to justify a stay. Crowley points to the "likelihood of discovery disputes requiring judicial intervention," *see* Motion to Stay, at 7, but such disputes are a normal facet of "defend[ing] a lawsuit" and do "not constitute a hardship or inequity sufficient to justify a stay of a proceeding." *Sharfman*, U.S. Dist. LEXIS 247446, at *6 (internal citations omitted).

In sum, Crowley has not identified any specific and legally sufficient prejudice. It only has made clear that even though it is a well-funded corporate entity in a lucrative industry, it feels it should not be bothered with being held accountable for its illegal trafficking in confiscated property—even if such trafficking directly contravenes our nation's foreign policy goals.

**B.  Plaintiffs Will Be Harmed by a Stay**

Crowley contends that Plaintiffs will not be unduly prejudiced by a "brief stay." Motion to Stay, at 10. As an initial matter, there is no guarantee that the stay will be "brief." The requested stay is thirty days beyond the Court's ruling on the Motion to Dismiss. Unlike Crowley, Plaintiffs are not able to presume that the Court's ruling is imminent or even when it will occur.

Crowley's only argument that Plaintiffs will not be prejudiced is condescending to the point of being insulting to the entire Cuban American community: "Prejudice from a brief delay is also unlikely given that Title III has not been in effect for the approximately twenty-three years since Congress passed it." Motion to Stay, at 10. In the first place, this contention is factually incorrect. Title III was reactivated on May 2, 2019, and, therefore, has been in place for nearly three years.

In a broader sense, however, Crowley's argument is completely backwards. Plaintiffs have been waiting so long for justice—over sixty years—that any further delays are exceptionally prejudicial. For example, Plaintiff Odette de Fernandez is ninety-two years old and has been

waiting sixty-two years for justice relating to her property that was seized at gunpoint by the Castro regime. She should not be kept waiting any longer than necessary for the justice she deserves. Witnesses to these confiscations, and Crowley's subsequent trafficking, are similarly at an advanced age. Plaintiffs, therefore, face real harm from an indefinite stay of discovery. For sixty years, Plaintiffs and the Cuban American community have been told to wait patiently, but the time for justice is nigh and this Court should not countenance any delays in their pursuit of that justice.

### C. The Public Interest Weighs in Favor of Not Imposing a Stay

The public interest weighs against granting a stay. In the first place, Congress can provide for an automatic stay of discovery in a federal statute if it believes the public interest is served. For example, the Private Securities Litigation Reform Act ("PSLRA") has a provision providing for an automatic stay of discovery until a motion to dismiss is granted.[8] The Helms-Burton Act, however, contains no such provision. And for good reason, because the purpose of the HBA was to effectuate U.S. foreign policy against the funding of terrorism in addition to providing a mechanism for compensation for trafficking in confiscated property.

The legislative findings made by Congress in passing the HBA show that the public interest is not served by granting a stay of discovery here. Congress explicitly found that, "[f]or the past 36 years, the Cuban Government has posed and continues to pose a national security threat to the United States." 22 U.S.C.S. § 6021(28). It also made findings that "[t]he Cuban Government engages in the illegal international narcotics trade and harbors fugitives from justice in the United States," and that "[t]he Castro government threatens international peace and security by engaging

---

[8] The pertinent provision of the PSLRA provides, "[i]n any private action arising under this title [15 U.S.C.S. §§ 77a *et seq.*], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C.S. § 77z-1.

in acts of armed subversion and terrorism such as the training and supplying of groups dedicated to international violence." 22 U.S.C.S. §§ 6021(13) and (14).

The HBA is designed, in part, to prevent Cuba from obtaining hard currency from trafficking in confiscated property that it can then use to support international terrorism. Crowley's failure to pay the Blanco Rosell family for Crowley's use of the confiscated property encourages other companies to traffic in property confiscated by Cuba, thereby putting more money in the coffers of a government antagonistic to the United States.

This danger is not ancient history. In redesignating Cuba as a State Sponsor of Terrorism in 2021, the U.S. Secretary of State determined that Cuba was "repeatedly providing support for acts of international terrorism in granting safe harbor to terrorists."[9] According to the State Department's Press Statement announcing Cuba's redesignation,

> For decades, the Cuban government has fed, housed, and provided medical care for murderers, bombmakers, and hijackers, while many Cubans go hungry, homeless, and without basic medicine. Members of the National Liberation Army (ELN), a U.S.-designated Foreign Terrorist Organization, traveled to Havana to conduct peace talks with the Colombian government in 2017. Citing peace negotiation protocols, Cuba has refused Colombia's requests to extradite ten ELN leaders living in Havana after the group claimed responsibility for the January 2019 bombing of a Bogota police academy that killed 22 people and injured more than 87 others.
>
> Cuba also harbors several U.S. fugitives from justice wanted on or convicted of charges of political violence, many of whom have resided in Cuba for decades. For example, the Cuban regime has refused to return Joanne Chesimard, on the FBI's Most Wanted Terrorists List for executing New Jersey State Trooper Werner Foerster in 1973; Ishmael LaBeet, convicted of killing eight people in the U.S. Virgin Islands in 1972; Charles Lee Hill, charged with killing New Mexico state policeman Robert Rosenbloom in 1971; and others.
>
> Cuba returns to the SST list following its broken commitment to stop supporting terrorism as a condition of its removal by the previous administration in 2015. On May 13, 2020, the State Department notified Congress that it had certified Cuba under

---

[9] Michael R. Pompeo, Secretary of State, Press Statement: U.S. Announces Designation of Cuba as a State Sponsor of Terrorism (Jan. 11, 2021), https://2017-2021.state.gov/u-s-announces-designation-of-cuba-as-a-state-sponsor-of-terrorism/index.html.

>Section 40A(a) of the Arms Export Control Act as "not cooperating fully" with U.S. counterterrorism efforts in 2019.
>
>In addition . . ., the Cuban regime engages in a range of malign behavior across the region. The Cuban intelligence and security apparatus has infiltrated Venezuela's security and military forces, assisting Nicholas Maduro to maintain his stranglehold over his people while allowing terrorist organizations to operate. The Cuban government's support for FARC dissidents and the ELN continues beyond Cuba's borders as well, and the regime's support of Maduro has created a permissive environment for international terrorists to live and thrive within Venezuela.[10]

The public interest, therefore, is in progressing this case as quickly as possible so that the foreign policy goals of the United States are also served.

In sum, the balancing of harms test weighs strongly against imposition of a stay.

### III.  THE HBA CASES ON APPEAL DO NOT JUSTIFY A STAY

Crowley also attempts to justify its request for a stay because there are three Helms-Burton Act cases pending before the Eleventh Circuit that could provide "important guidance" to the Court. Motion to Stay, at 7. As an initial matter, Crowley does not propose a stay tied to the resolution of these appeals. The resolution of those appeals is entirely unrelated to Crowley's request for relief, which is to stay discovery for thirty days beyond this Court's resolution of the Motion to Dismiss and is not tied to resolution of the appeals. This rationale for a stay, therefore, is a makeweight argument that can be readily disregarded.

Of course, in rare circumstances not present here, the Eleventh Circuit has affirmed a stay "to await a federal appellate decision that [wa]s likely to have a substantial or controlling effect on the claims and issues in the stayed case . . . ." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). But district courts within the Eleventh Circuit have rejected a stay where "it [was] not *clear* to the Court that the Eleventh Circuit decision [ ] 'is likely to have a substantial or controlling effect on the claims and issues in the [instant] case.'"

---

[10] *Id.*

15

*Encarnacion v. Fin. Corp. of Am.*, 2018 U.S. Dist. LEXIS 186332, at *5–*6, 2018 WL 5631045 (M.D. Fla. Oct. 31, 2018) (quoting *Miccosukee Tribe of Indians of Fla.*, 559 F.3d at 1198).

Here, it is nowhere near clear that the HBA appeals pending at the Eleventh Circuit are likely to have a substantial or controlling effect on the claims and issues in this case. Crowley has not identified any specific issue on appeal in those cases that has a substantial or controlling effect on the claims and issues in this case. Crowley only cites to questions posed by the Eleventh Circuit in its invitation to the United States to file an amicus brief in the three appeals pursuant to Federal Rule of Appellate Procedure 29(a). And of course, the United States has been invited to file an *amicus* brief. It is not required to do so.

The answers to those questions in a potential amicus brief that may not even be filed by the United States may or may not inform the issue and the Eleventh Circuit may or may not address such questions in its ultimate decision. Crowley has done nothing to link its daisy chain of assumptions that the U.S. government's *possible* eventual *answers* will be adopted in the Eleventh Circuit's *decision* in such a way that they will have a substantial or controlling effect on the claims and issues in this case. As another court within the Eleventh Circuit aptly stated,

> In every case, there is always the possibility that the law will change in a manner that impacts the viability of the parties' claims and defenses. Far from simplifying the Court's analysis, granting a stay under these circumstances would set unwise precedent that every time a controversial issue is raised on appeal, all related or similar cases must be halted pending the appellate court's ruling.

*Garmendiz v. Capio Partners, LLC*, 2017 U.S. Dist. LEXIS 122229, at *7 (M.D. Fla. July 26, 2017). This is a slender reed indeed to rest a complete stay of discovery upon.

An examination of the questions posed by the Eleventh Circuit shows that they are only, at best, tangentially related to this case. For example, Question 3 relates to "lawful travel." Motion to Stay, at 8. But every court to consider the issue has ruled that lawful travel is an affirmative

16

defense and is not to be decided at the motion to dismiss stage. Plus, as a shipping company, Crowley's cargo is, by definition, not "traveling"—it is being shipped or carried. Far from being controlling, Question 3 does not even relate to this case, much less control the Motion to Dismiss.

Likewise, Questions 1 and 2 relate to the issue of whether heirs to a claim can properly bring suit. In this case, the heirs are only listed as alternative plaintiffs and as discussed above, this case will proceed to virtually the same discovery if the only plaintiff is Ms. de Fernandez, who is a living and original claimant. This is so because Questions 1 and 2 are irrelevant with respect to Ms. de Fernandez's situation.

Even if it were clear that the HBA cases on appeal would likely have a substantial or controlling effect on the claims and issues in this case, the power to grant a stay under such circumstances, "however, is not without limits." *FTC v. On Point Global LLC*, 2020 U.S. Dist. LEXIS 180225, at *9, 2020 WL 5819809 (S.D. Fla. Sept. 30, 2020) (internal citation omitted). "'Only in rare circumstances will a litigant . . . be compelled to stand aside' while a separate matter is settled 'to which he is a stranger.'" *Id.* at *14 (quoting *Landis v. N. Am. Water Works & Elec. Co.*, 299 U.S. 248, 255 (1936)). This is not one of those "rare circumstances."

## CONCLUSION

For the foregoing reasons, Defendants' Motion for a Stay should be denied in its entirety.

Dated: February 22, 2022                    Respectfully submitted,

David A. Baron (admitted *pro hac vice*)         *William R. Boeringer*
dbaron@bcr-dc.com                                 David J. Horr
Melvin White (admitted *pro hac vice*)            Florida Bar. No. 310761
mwhite@bcr-dc.com                                 dhorr@admiral-law.com
Berliner Corcoran & Rowe LLP                      William R. Boeringer
1101 17th Street, N.W., Suite 1100                Florida Bar No. 347191
Washington, D.C. 20036-4798                       wboeringer@admiral-law.com
Tel: (202) 293-5555                               William B. Milliken
Facsimile: (202) 293-9035                         Florida Bar No. 143193
                                                  wmilliken@admiral-law.com

Richard W. Fields (admitted *pro hac vice*)
fields@fieldslawpllc.com
Ed Han (admitted *pro hac vice*)
edhan@fieldslawpllc.com
Martin F. Cunniff (admitted *pro hac vice*)
MartinCunniff@fieldslawpllc.com
Fields PLLC
1701 Pennsylvania Ave, N.W., Suite 200
Washington, D.C. 20006
Tel: (833) 382-9816

*Counsel for Plaintiffs*

Horr, Novak & Skipp, P.A.
Two Datran Center, Suite 1700
9130 S. Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526

John S. Gaebe
Florida Bar No. 304824
Law Offices of John S. Gaebe P.A.
5870 SW 96 St.
Miami, Florida 33156
johngaebe@gaebelaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *William R. Boeringer*
William R. Boeringer