## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No. 1:21-cv-20443-DPG

ODETTE BLANCO DE FERNANDEZ *née* BLANCO ROSELL *et al.*,

        *Plaintiffs*,

v.

CROWLEY HOLDINGS, INC.; CROWLEY MARITIME CORPORATION; CROWLEY LINER SERVICES, INC.; CROWLEY LATIN AMERICA SERVICES, LLC; and CROWLEY LOGISTICS, INC.

        *Defendants*.

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants Crowley Holdings, Inc., Crowley Maritime Corporation, Crowley Liner Services, Inc., Crowley Latin America Services, LLC, and Crowley Logistics, Inc. (collectively "Crowley" or "Defendants"), through counsel, file this Reply in support of its Motion to Stay Discovery.

Crowley has requested a modest stay of discovery until thirty days after the Court rules on the pending Motion to Dismiss the Second Amended Complaint. The request makes legal and practical sense given that any such ruling will likely dispose of this case in its entirety or meaningfully reduce and tailor the Parties' discovery obligations. Plaintiffs have not provided any compelling reason to deny a stay of discovery until after the Court rules on the pending Motion to Dismiss. The Court should grant Crowley's Motion to Stay Discovery.

**ARGUMENT**

I. **A Stay of Discovery is Warranted in This Case.**

A stay of discovery is appropriate here because Crowley's Motion to Dismiss the Second Amended Complaint ("Motion to Dismiss") (ECF No. 59) is meritorious and challenges the sufficiency of each of the Plaintiffs' claims. Plaintiffs' assertions to the contrary are wrong. (*See* Pls.' Opp. to Defs.' Mot. for a Stay of Discovery ("Opp.") at 4-9) (ECF No. 73).

As an initial matter, Plaintiffs mischaracterize the meritorious prong of the stay analysis as only including motions to dismiss that "resolve the underlying litigation once and for all." (Opp. at 8). That is not the standard. Rather, courts in this district routinely grant motions to stay discovery where the defendant raises arguments that are "potentially dispositive of the entire action," as they address the "sufficiency" of each of the plaintiffs' claims. *See, e.g.*, *Solar Star Sys., LLC v. Bellsouth Telecomm's, Inc.*, No. 10-cv-21105, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (granting motion for stay pending resolution of motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)); *id.* ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay."); *Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, No. 15-cv-81490, 2016 WL 10706286, at *1 (S.D. Fla. Jan. 28, 2016) (granting stay of discovery while motion to dismiss for failure to state a claim and lack of standing was pending since "[Defendant's] Motion to Dismiss raises substantial questions as to the legal sufficiency of the Complaint"); *Khan v. Bankunited, Inc.*, No. 8:15-cv-2632, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016) (discovery stayed where motion to dismiss challenged "the sufficiency of each claim").

Crowley easily satisfies this standard. Here, Crowley has sought dismissal of the only claim on various grounds, including lack of standing, failure to state a claim[1] (including that Crowley's conduct does not constitute "trafficking" since Plaintiffs do not own a claim to the container terminal; Crowley's conduct does not satisfy the definition of "traffics" under the Act; and the lawful travel clause bars Plaintiffs' claims), and constitutional challenges. (*See generally* ECF No. 59). Each of these challenges provides an independent basis that is potentially dispositive of this entire case. *See Torongo*, 2016 WL 10706286, at *1.

Moreover, a stay of discovery is also appropriate where a ruling on a motion to dismiss will significantly limit the scope of discovery. *See Lewis v. Mercedes-Benz USA, LLC*, Case No. 19-CIV-81220, 2020 WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020) (granting motion to stay discovery because "if the Motion to Dismiss were granted—even in part—it would substantially impact the viability of claims against one or more Defendants and drastically alter the scope of discovery"); *In re Mednax Servs. Inc., Customer Data Security Breach Litig.*, Case No. 21-md-02994, 2020 WL 12432704, at *2 (S.D. Fla Dec. 9, 2020); *Padilla v. Porsche Cars N. Am., Inc.*, No. 18-cv-24988, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019); *Chevaldina v. Katz*, No. 17-cv-22225, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017). Here, even if the Court does not grant Crowley's Motion to Dismiss in full (which it should), it is highly likely that at a minimum the Court will dismiss the seventeen Estate and Inheritance Plaintiffs because they failed to acquire their claims by the Helms-Burton Act's statutory deadline—March 12, 1996. (*See* ECF Nos. 59 at

---

[1] Plaintiffs claim that *one* of Crowley's failure to state a claim arguments has already been rejected by the *Seaboard* court. (Opp. at 5). However, as explained in Crowley's Reply in Support of its Motion to Dismiss, in *Seaboard*, the argument that Plaintiffs do not own a claim to the container terminal was made in a reply brief and Plaintiffs were unable to respond to the argument. *See de Fernandez v. Seaboard Marine, LTD.*, No. 1:20-cv-25176 (ECF No. 63 at 7-8). That is not the case here since Crowley raised this issue in its opening Motion to Dismiss and Plaintiffs failed to provide factual support for their ownership claims in response.

23-26, 69 at 5-6). Indeed, as explained in detail in Crowley's opening motion, Judge Bloom dismissed these exact seventeen plaintiffs in another Helms-Burton Action for this very reason. *See de Fernandez v. Seaboard Marine, Ltd.*, No. 20-cv-25176, 2021 WL 3173213, at *8-9 (S.D. Fla. July 27, 2021).

Tacitly acknowledging the likelihood of a similar ruling, Plaintiffs take the position that even if these seventeen plaintiffs are dismissed, "discovery will not be significantly different for either Plaintiffs or Crowley." (Opp. at 7-8). That position is not creditable. Of course discovery will be significantly different. For example, if seventeen plaintiffs are dismissed, there will be seventeen fewer depositions for the parties to prepare for and attend. Dismissal of seventeen Plaintiffs will also decrease the burdens on Plaintiffs' collection and document production and, in turn, decrease the burden on Crowley to review the productions of those seventeen plaintiffs. Moreover, Plaintiffs' argument that the scope of discovery will not be affected by the number of plaintiffs assumes that the same evidence is required to show ownership by each plaintiff. That is not the case. *See, e.g.*, *de Fernandez v. Seaboard Marine, Ltd.*, No. 20-cv-25176, 2021 WL 3173213, at *8-9 (observing the same group of plaintiffs acquired their ownership claims at different points in time). If seventeen Plaintiffs are dismissed, Crowley will not have to discover ownership information independently from eighteen different Plaintiffs.

Thus, taking a "preliminary peek" at Crowley's motion here reveals that the limited Motion to Stay Discovery that Crowley seeks should be granted.

**II.     The Helms-Burton Act Cases on Appeal Further Support a Stay.**

A stay of discovery until after the ruling on Defendants' Motion to Dismiss is further supported by the impact that the three pending Helms-Burton Act appeals before the Eleventh Circuit could have on the Motion to Dismiss and the case in general. (*See* ECF No. 72 at 7-9).

Plaintiffs are wrong in asserting that "Crowley has not identified any specific issue on appeal in those cases that has a substantial or controlling effect on the claims and issues in this case." (Opp. at 16). Crowley clearly has. (ECF No. 72 at 3-4, 7-9). As noted in Crowley's opening motion, the Eleventh Circuit Appeals are considering the meaning of various Helms-Burton Act provisions that the pending Motion to Dismiss turns upon, including the meaning of the word "acquire" and the Act's "lawful travel" clause. (ECF No. 72 at 4, 8). These terms are central to the present dispute and not "tangentially related" as Plaintiffs contend. Rather, just like the Defendants in *Del Valle v. Trivago GMBH*, No. 20-12407 (argued Oct. 4, 2021), *Garcia-Bengochea v. Royal Caribbean Cruises, LTD.*, No. 20-14251 (argued Oct. 4, 2021), and *Garcia-Bengochea v. Carnival Corp.*, No. 20-12960 (argued Oct. 4, 2021), Crowley has sought dismissal of the Estate and Inheritance Plaintiffs because they "acquire[d]" their claims after the statutory deadline. (*See* ECF No. 59 at 22). And, just like the Defendants in *Del Valle v. Trivago GMBH*, Crowley has sought dismissal of all Plaintiffs' claims on the ground that Crowley's conduct does not constitute trafficking under the Act since it falls within the Act's "lawful travel" definition. (ECF No. 59 at 19-21). Thus, answers to the questions posed by the Eleventh Circuit to the U.S. Government, and resolution of the pending appeals, would have a "substantial or controlling effect on the claims and issues" in this case. (*Contra* Opp. at 15-16 (citing cases)).

**III.     The Balance of Harms Weigh In Favor of Granting a Stay of Discovery.**

A stay of discovery is appropriate upon a showing of reasonableness and good cause. *Goldstein v. Costco Wholesale Corp.*, No. 21-cv-80601, 2021 WL 2827757, at *1 (S.D. Fla. July 8, 2021) (citation omitted); *Chevaldina*, 2017 WL 6372620, at *2. In its opening Motion and herein, Crowley has made this showing. Plaintiffs assert that before the requested stay can be imposed, the Court must balance the harms to the Parties and the public that granting such a stay would impose. (Opp. at 9). The balance of harms weighs in Crowley's favor.

### A. Plaintiffs Ignore the Prejudice Crowley Will Suffer if it is Forced to Proceed with Discovery While the Motion to Dismiss is Pending.

Plaintiffs supposition that Crowley will suffer no cognizable harm from proceeding with discovery while the Motion to Dismiss is pending (Opp. at 9) is wrong. First, contrary to Plaintiffs' assertions (Opp. at 9-11), avoiding costly and burdensome discovery over legally meritless claims is an important interest that should be avoided where possible. *Chevaldina*, 2017 WL 6372620, at *2-3 (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997)). Indeed, this exact burden has been found to justify a stay of discovery in this district and the Eleventh Circuit:

> [D]elaying ruling on a motion to dismiss such a [nonmeritorious] claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

*Chevaldina*, 2017 WL 6372620, at *3 (quoting *Chudasama*, 123 F.3d at 1368).[2]

Second, Plaintiffs attempt to cast the cases Crowley cited in its motion that granted stays of discovery in this district as "inapposite" and suggest that Crowley's status as a corporate defendant makes it immune from these burdens.[3]  (Opp. at 8, 11-12).  Not so.  Contrary to

---

[2] Notably, the only case Plaintiffs rely on to support their position, *Sharfman v. Premier Med., Inc.*, No: 6:20-cv-1278, 2021 U.S. Dist. LEXIS 247446, at *5–6 (M.D. Fla. Dec. 29, 2021), is easily distinguishable. In *Sharfman*, the court denied a motion to stay pending an appellate decision regarding Article III standing for violation of a ***different*** federal statute (the *Sharfman* plaintiff challenged Article III standing under the Telephone Consumer Protection Act; whereas the pending appeal evaluated Article III standing under the Fair Debt Collection Practices Act). *Id.* at *3-4.  Here, both the present case and Eleventh Circuit Appeals are evaluating issues under the <u>same</u> statute, the Helms-Burton Act.

[3] Plaintiffs' speculation that Crowley is experiencing increases in profits (Opp. at 10) is both completely unsupported and legally irrelevant.  Just because Crowley may be able to absorb the costs of discovery in meritless litigation does not mean that it should be required to do so. Additionally, Plaintiffs' gratuitous digs that Crowley cannot be "bothered" with engaging in discovery (Opp. at 4, 12) are meritless and should be disregarded.  Crowley takes its discovery responsibilities extremely seriously—as demonstrated by Crowley's timely response to Plaintiffs'

6

Plaintiffs' suggestion, a court's broad discretion and willingness to grant stays of discovery has not been confined to cases involving class actions, non-entity defendants, and/or foreign discovery. Rather, courts in this district have routinely granted stays of discovery for corporate defendants outside of these contexts. For example, in *Chevaldina v. Katz*, the court granted related corporate defendants' request for a stay of discovery in a case brought by a singular plaintiff. 2017 WL 6372620, at *1. Like the Crowley defendants, the corporate defendants in *Chevaldina* sought a stay of discovery pending resolution of the court's decision on their motion to dismiss. *Id.* at *1-2. The court recognized the unnecessary burden on the corporate defendants of proceeding with discovery: "while a potentially dispositive motion is pending, we agree that Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law." *Id.* at *3; *see also Solar Star Sys., LLC*, 2011 WL 1226119, at *1 (granting a corporate defendant's motion to stay discovery pending resolution of a motion to dismiss a singular plaintiff's claims).

Finally, the single document request that Plaintiffs have propounded to date (a request that was not sent until nearly four months after the Motion to Dismiss was fully briefed), is but one example of the issues with proceeding with discovery at this time. That single request refers Crowley to three vague regulations that give little indication of the precise documents Plaintiffs actually seek.[4] (ECF No. 72-2 at 4 (citing 31 C.F.R. §§ 501.601, 501.602, 515.601)). If the breadth

---

First Request for Documents—and if the case moves past the Motion to Dismiss, will of course comply with its discovery obligations. However, engaging in discovery now, before a ruling on the Motion to Dismiss, on a billion dollar claim by Plaintiffs (who most if not all do not have any cognizable claims), is simply unreasonable.

[4] Crowley has responded to Plaintiffs' First Request with objections and raised the pending Motion to Stay. In its response, Crowley, without waiving its objections, agreed to produce responsive documents after a Confidentiality and/or Protective Order is entered by the court. The Parties have not yet entered into a Confidentiality Agreement.

and vagueness of this request is any indication of what is to come with further discovery, absent a stay, undoubtedly the parties and the Court will be required to expend significant resources resolving forthcoming discovery disputes for claims and parties that will likely be dismissed.

### B. Plaintiffs' Claim of Prejudice From a Stay is at Odds with the Posture of this Case and Contradicts Their Position in another Helms-Burton Act Case.

Plaintiffs will not be prejudiced if a brief stay is granted here. The case is in its early stages and the court has not even entered a scheduling order. *Mid-Continent Cas. Co. v. G.R. Constr. Mgmt.*, No. 2:17-cv-55, 2017 WL 3394231, at *2 (M.D. Fla. Aug. 8, 2017) (noting lack of prejudice to plaintiff from stay where case was "in its early stage" and plaintiff would "have ample opportunity and time to engage in discovery").

Plaintiffs' claim of prejudice now from a brief stay rings hollow since Plaintiffs waited nearly four months after the Motion to Dismiss was pending and fully briefed before issuing their first and only discovery request on January 10, 2022. Plaintiffs have not displayed any sense of urgency toward discovery or sought expedited relief of any kind in this Action. Their purported fears of how a brief further stay would affect their case strategy are either products of their own inaction or disingenuous posturing. In any event, Plaintiffs will not be prejudiced by a brief stay since they will still have an "ample opportunity to conduct discovery" if the stay is granted. *Goldstein*, 2021 WL 2827757, at *2-3 (granting stay of discovery pending motion to dismiss and finding no prejudice to plaintiff where "Plaintiff will have ample opportunity to conduct discovery").

Furthermore, Plaintiffs' claimed prejudice from the stay is at odds with their position in another Helms-Burton Act case. In *de Fernandez v. A.P. Moller-Maersk A/S*, No. 2:21-cv-00339 (E.D. La. Aug. 18, 2021) ("*Moller-Maersk*"), these same Plaintiffs voluntarily agreed to a stay of discovery based on the same property claims at issue here. *Moller-Maersk*, ECF No. 28-29

(granting joint motion to statistically close case pending resolution of a significant decision before the Fifth Circuit). Like Crowley does here, the Plaintiffs in *Moller-Maersk* claimed that a stay would be appropriate because the controlling appellate court was deciding a question that had important implications to the issues raised in the defendants' motion to dismiss. *Moller-Maersk*, ECF No. 28. Far from claiming prejudice from a delay, Plaintiffs asserted that "proceeding with this matter, and particularly the Motions to Dismiss filed by Defendants, is *premature* until after the 5th Circuit's *en banc* decision." *Id.* at 3 (emphasis added). Plaintiffs argued that the court should grant their request to stay proceedings "in order to conserve resource[s] and in the interests of judicial economy." *Id.* Reasons Plaintiffs now attempt to recast as "legally insufficient." (Opp. at 10).

### C. A Stay is Also in the Public's Interest Because it Would Avoid Unnecessary Wasting of Litigation and Judicial Resources.

Granting a stay of discovery would also promote the Court, the Parties', and the public's interests in judicial economy and efficiency. Indeed, these interests have specifically been recognized by the Eleventh Circuit as supporting a motion to stay discovery pending resolution of a motion to dismiss. *See Chudasama*, 123 F.3d at 1368. In *Chudasama*, the court acknowledged that proceeding with discovery for nonmeritorious claims "waste[s] the resources of the litigants in the action before the court, delay[s] resolution of disputes between other litigants, squander[s] scarce judicial resources, and damage[s] the integrity and the public's perception of the federal judicial system." *Id.* (footnotes omitted).

Plaintiffs' broad sweeping proclamations about the text and purpose of the Helms-Burton Act, and not-so-veiled references to terrorism in Cuba do not change this calculus. (Opp. at 13-15). First, just because the Helms-Burton Act does not contain a statutory mechanism to stay discovery does not mean that in certain circumstances a stay of discovery is not permitted. Courts

routinely grant stays in cases involving statutory claims with no such mechanism, including in Helms-Burton Act cases. *See, e.g.*, *Moller-Maersk*, ECF No. 28-29 (Helms-Burton Act); *Garcia-Bengochea v. Norwegian Cruise Line Holding Ltd.*, Case No. 19-cv-23593, ECF No. 66 (S.D. Fla. Sept. 1, 2020) (Helms-Burton Act); *Lewis*, 2020 WL 4923640, at *1 (RICO, 18 U.S.C. § 1962(c)); *Torongo*, 2016 WL 10706286, at *1 (Fair Credit Reporting Act, 15 U.S.C § 1681, et. seq.). Second, to even hint that Crowley's conduct somehow encourages other companies to engage in trafficking and that such alleged encouragement somehow contributes to terrorism in Cuba (Opp. at 14) is inflammatory and wildly speculative. Notably, Plaintiffs do not cite a single thing to support these inappropriate accusations.

## CONCLUSION

For the foregoing reasons, the Court should enter an order granting Crowley's Motion to Stay Discovery until thirty days after the Court reaches a final decision on Defendants' Motion to Dismiss the Second Amended Complaint.

DATED: March 1, 2022

Respectfully submitted,

/s/ *James Douglas Baldridge*
James Douglas Baldridge (Florida Bar No. 708070)
Katherine Wright Morrone (admitted *pro hac vice*)
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4703 (phone)
(202) 344-8300 (fax)
JDBaldridge@Venable.com
KWMorrone@Venable.com

*Counsel for the Crowley Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March 2022, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

*/s/ James Douglas Baldridge*
James Douglas Baldridge
