UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-20443-GAYLES/TORRES

**ODETTE BLANCO DE FERNANDEZ,**

    **Plaintiff,**

v.

**CROWLEY HOLDINGS, INC., et al.,**

    **Defendants.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion and Incorporated Memorandum for Judgment on the Pleadings (the "Motion") [ECF No. 95]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion shall be denied.

### BACKGROUND[1]

This action is one of several that United States nationals, including Plaintiff Odette Blanco de Fernanez *née* Blanco Rosell ("Plaintiff"), have filed following the activation of Title III of the Cuban Liberty and Democratic Solidarity Act of 1996, 22 U.S.C. § 6021, *et seq.* (the "Act") on May 2, 2019. In each of these actions, the plaintiffs seek compensation under the Act from defendants who have profited from using property in Cuba that plaintiffs owned before the Cuban revolution.

---

[1] The Court incorporates the factual background set forth in its Order granting in part and denying in part Defendants' Motion to Dismiss. [ECF No. 75].

1

According to the Second Amended Complaint, Plaintiff, along with her siblings (collectively the "Blanco Rosell Siblings"),[2] owned Maritima Mariel SA, a Cuban corporation established in 1954. [ECF No. 50 ¶ 88]. In 1955, the Cuban Government granted to Maritima Mariel a 70-year concession to develop docks, warehouses, and port facilities in Mariel Bay, Cuba (the "Concession"). *Id*. ¶ 89. The Concession also granted Maritima Mariel a series of "exceptional" rights in Mariel Bay including the right to occupy and use the land and waters to execute projects, the right of mandatory expropriation, the right to impose easements, and the right to evict tenants. *Id.* ¶ 90. The Blanco Rosell Siblings also owned several other companies, including Compania Azucarera Merial S.A. ("Azucarera Merial"), and approximately 11,000 acres of land around Mariel Bay. On September 29, 1960, the Cuban government confiscated the Blanco Rosell Siblings' property and rights, including Maritima Mariel, the Concession, Central San Ramón, and Azucarera Mariel (the "Confiscated Property"). *Id.* ¶¶ 96-97. Plaintiff was not a United States citizen when the Cuban government seized the Confiscated Property. *Id.* ¶ 5. Plaintiff fled Cuba and, on September 8, 1971, became a naturalized United States citizen. *Id.* ¶ 9.

The Cuban government eventually incorporated the Confiscated Property into the Zona Especial de Desarollo Mariel ("ZEDM"), a special economic zone in Mariel Bay, without the authorization of the Blanco Rosell Siblings. *Id.* ¶ 32, 104-105. In 2009, the Cuban government and non-Cuban corporate partners rebuilt the Port of Mariel and constructed the Terminal de Contendores del Mariel (the "Container Terminal") in the ZEDM.

---

[2] Odette's siblings, Alfredo Blanco Rosell ("Alfredo"), Byron Blanco Rosell ("Byron"), Enrique Blanco Rosell ("Enrique"), and Florentino Blanco Rosell ("Florentino"), were also owners of Maritima Mariel SA. Alfredo, Byron, Enrique, and Florentino are deceased. The Court dismissed Alfredo, Byron, Enrique, and Florentino's estates and heirs from this action, finding they did not have an actionable ownership interest in the Confiscated Property because they acquired their claims after March 12, 1996. [ECF No. 95].

Defendants Crowley Holdings, Inc., Crowley Maritime Corporation, Crowley Liner Services, Inc., Crowley Latin America Services, LLC, and Crowley Logistics, Inc. (collectively the "Defendants") are in the business of transporting freight between the United States and foreign ports, including the Port of Mariel in Mariel Bay. [ECF No. 50]. Plaintiff alleges that Defendants trafficked in the Confiscated Property in violation of the Act.

Defendants now move for judgment on the pleadings arguing that Plaintiff cannot, as a matter of law, state a claim under the Act because she was not a United States national at the time the Cuban government seized the Confiscated Property. The Court disagrees.

## LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted). The court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). If a material dispute of fact exists, "judgment on the pleadings must be denied." *Id.* (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)).

## DISCUSSION

The Act—as divided here into elements—provides "that (1) 'any person'; (2) that 'traffics'; (3) 'in property which was confiscated by the Cuban Government on or after January 1, 1959'; (4) 'shall be liable to any United States national'; (5) 'who owns the claim to such property'; and (6) trafficking must occur after November 1, 1996." *Havana Docks Corp. v. Carnival*, 592 F. Supp.

3d 1088, 1150 (S.D. Fla. 2022) (quoting 22 U.S.C. §§ 6082(a)(1)(A), 6085(a)). The Act defines "a United States national" as "any United States citizen" or "any other legal entity which is organized under the laws of the United States, or of any State, the District of Columbia, or any commonwealth, territory, or possession of the United States, and which has its principal place of business in the United States." § 6023(15).

Relying on dicta in an Eleventh Circuit opinion issued while the Act's private action provision was suspended, *Glen v. Club Mediterranee, S.A.*, 450 F.3d 1251 (11th Cir. 2006), and a non-binding report and recommendation. *Regueiro v. American Airlines, Inc.*, No. 1:19-cv-23965, 2022 WL 2399748, at *1 (S.D. Fla. June 3, 2022), *report and recommendation adopted in part*, 19-23965, 2022 WL 2352414, at *3 (S.D. Fla. Jun. 30, 2022), Defendants contend that the Act only applies to persons who were United States nationals at the time their property was confiscated. Defendants' reading of the Act, and its reliance on *Glen* and *Regueiro*, is misplaced.

First, the plain language of the Act makes it clear that claimants and property owners need not be United States nationals at the time of confiscation to bring a claim. Indeed, the Act provides that "any person that . . . traffics in property which was confiscated by the Cuban government on or after January 1, 1959, shall be liable to **any** United States national who owns the claim to such property for money damages . . . 22 U.S.C. § 6082(a)(1)(A) (emphasis added). Nothing in the statutory language mandates that the owner of the claim to the confiscated property be a United States national at the time of the taking.[3] Indeed, Congress could have drafted the Act to clearly limit claims to people who were United States nationals at the time their property was confiscated. But Congress did not do so. Rather, the plain language clearly provides a remedy for claimants whose property was confiscated by the Cuban government after the revolution and who—at the

---

[3] Because the Court finds the Act's language unambiguous, it does not delve into the legislative history of the Act.

4

time the remedy is sought—are United States nationals. Accordingly, based on the plain language of the Act, the Court finds that the Motion must be denied.[4]

Second, *Glen* and *Regueiro* are not binding on this Court or persuasive regarding this issue. In *Glen*, the Eleventh Circuit, addressing claims for trespass and unjust enrichment under Florida law, not the Act, stated in dicta that because the plaintiff's property "was owned by Cuban nationals at the time of its expropriation," it "thus *may not* be the proper subject of a trafficking claim under the [Act]." 450 F. 3d at 1255 n.3 (emphasis added). The *Glen* court, however, did not decide the instant issue. Even so, this dicta is not binding on the Court. *See Pretka v. Kolter Cty. Plaza II, Inc.*, 608 F.3d 744, 762 (11th Cir. 2010) (holding that dicta is "not binding on anyone for any purpose."). Moreover, *Regueiro* is not binding on this Court. *See Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) (holding that "[a] district court is not bound by another district court's decision, or even an opinion by another judge of the same district court . . . .").

### Conclusion

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants' Motion and Incorporated Memorandum for Judgment on the Pleadings (the "Motion") [ECF No. 95] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of March, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[4] To the extent Defendants argue that Plaintiff owns no claim to the property by virtue of Cuba's confiscation of her property, the Court has already alleged that Plaintiff has sufficiently alleged "ownership of a claim under the Act." [ECF No. 75].